IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          Case No 6:23-cr-60039-SOH

DEREK SCOTT FINKBEINER                                                                      DEFENDANT

**ORDER**

Before the Court is the Motion for Transfer to Facility in which Medical Needs are Properly Addressed. ECF No. 135. The Government responded and opposed the Motion. ECF No. 141. The Defendant has filed Reply. ECF No. 146. The Court has also considered information provided by Deputy United States Marshall, Tim Greer, on May 27, 2027, regarding Defendant's medical care and treatment. *See* Exhibit A attached hereto. The Court has considered this matter carefully and finds the Motion is not well taken and should be denied.

A. **Procedural Background**:

Defendant was ordered detained pending sentencing by the undersigned on May 5, 2025. ECF No. 129. With the instant Motion Defendant claims he is not receiving appropriate medical care, at the Saline County Arkansas Detention Center, and requests he be moved to a "Federal Medical Center" so that his medical needs may be addressed. The Government opposes the Motion and states Defendant, a pre-trial detainee, is receiving adequate medical care currently and further, is not subject to being housed by the Federal Bureau of Prisons until he is sentenced.[1]

Upon the filing of the instant Motion, the Court requested the U.S. Marshal to provide an update regarding the status of Defendant's medical condition and his current medical care at the

---

[1] The Court does need not address the authority of the Court to order a pre-trial detainee to be held by the Federal Bureau of Prisons pending sentencing, as the Court determines based on the information provided by the U.S. Marshal that the Defendant is receiving adequate medical care at the present time.

1

Saline County Arkansas Detention Center. The U.S. Marshal has provided said update to the Court and this update has been shared with all counsel of record. *See* Exhibit A. A review of the medical treatment provided to Defendant by the U.S. Marshal, through its contract detention facility, appears to be wholly adequate to his needs. Further, some of the prescription medication Defendant claims he is being denied, is for medication for which he has no current active prescription. Defendant admitted to detention facility medical staff he was using the medication, Humira, for which his prescription had expired. Defendant denies he is seeking to have expired prescription medication provided.

Defendant states he suffers from *hidradenitis supporativa*, a skin condition that causes boils, abscesses and bleeding. The condition also makes Defendant susceptible to infections. He states the condition is not curable, but the symptoms can be mitigated by medications for the condition itself and associated pain. Defendant does not allege he is in any immediate danger of serious injury, disability or death.

Based on the summary of the almost daily care Defendant has received since his pretrial release was revoked, he is receiving adequate medical care. Defendant has been offered daily supplies to clean any skin lesion. He has been provided mediation for the condition itself. He has been offered, and refused, over the counter pain medication. He wants different treatment. A detainee is not entitled to the medical care he demands or believes appropriate, but rather is entitled to adequate medical care. Here, Defendant is clearly not happy with the medical care he has been provided, however this is not sufficient to warrant transfer to another facility. The U.S. Marshal has an ongoing duty and obligation to provide adequate medical care to any pre-trial detainee. The detention facility has certainly not been indifferent to Defendant's medical needs. The Court finds in this case that adequate medical care has been provided to Defendant.

**IT IS ORDERED**, Defendant's Motion for Transfer to Facility in which Medical Needs are Properly Addressed (ECF No. 135) is, in all respects, **DENIED**.

**SO ORDERED** this **5th day of June 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE