IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                                    6:23-cr-60039-SOH

DEREK SCOTT FINKBEINER                                                DEFENDANT

RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM
AND MOTION FOR VARIANCE

Comes Derek Scott Finkbeiner, through his attorneys, Jeff Rosenzweig and William O. James Jr., and for his RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE states:

The government's motion for upward variance is based in part on allegations which will be in dispute at the sentencing hearing. One is the question of *when* the government's witness would have provided Finkbeiner with illegal drugs; was it during his incumbency as sheriff, as the government asserts, or when Finkbeiner was a private citizen years earlier.

The government's motion also misstates or exaggerates the relationship Finkbeiner has with the individual described as his "personal drug dealer." Finkbeiner has admitted that this person had provided him illegal drugs in the past,

1

but insists that this person was not providing him with illegal drugs during his incumbency as sheriff. And whether called a "CI" or not, this person indeed was providing information and cooperation to the sheriff's office when Finkbeiner was sheriff. Also, Finkbeiner is not charged with aiding or abetting any drug offense. The amount of drugs this person sold should not be part of any calculations.

With regard to the "history and characteristics" portion of the government's filing, the government claims that Finkbeiner threatened to arrest FBI agents. Even if such a statement was made, the context demonstrates that this would have been an unserious blowing off steam. Moreover, the government's position is, in a word, rich since the AUSA's superiors— Attorney General Bondi and President Trump— emit every day threats to do things which they have obviously not (yet) consummated.

The government relies on a resolution of the Hot Spring County Quorum Court decrying Finkbeiner. This is a political document from a political entity and has no place in a sentencing proceeding. The government's argument for consideration of this document by the government is redolent of a bill of attainder.

The government claims that Finkbeiner engaged in a "campaign of disinformation" by publicly asserting his innocence and asserting the unreliability of a recording whose supposed "enhancement" in a government laboratory is in dispute. The government's position is in direct contradiction to the guarantees of the First

Amendment.

The government asserts that Finkbeiner should be held responsible for the state prosecuting attorney's decision not to proceed the prosecution of one Dipietro. The government's own exhibit, the affidavit initiating the prosecution, says that two other deputies were present for the arrest and presumably would have been available to testify. The case was prosecutable. The prosecutor used her discretion to decide not to pursue it. Mr. Dipietro was indicted in this court in 6:25-cr-60009-SOH on three counts of delivery. Mr. Achorn is the AUSA on the case.

The government's filing would lead this court to think that Finkbeiner's stewardship of the sheriff's office had no redeeming qualities. In fact, under his administration *inter alia*: the office (i) obtained a grant for body cameras; (ii) required the entire detention staff to have jail standards training and be certified; (iii) seized a substantial amount more of methamphetamine than the Malvern Police Department and Drug Task Force combined; (iv) collected donations to move the department's office to a more adequate facility; (v) doubled the funds for training of deputies and safety equipment; (vi) insured that all vehicles were "pursuit rated;" (vii) upgraded the department's website; (viii) upgraded the reporting software to become National Incident-Based Reporting System (NIBRS) compliant; (ix) signed agreements with other agencies and departments which made the response times

much quicker in parts of the county; (x) started working with the National Guard Counterdrug Program, including being able to use helicopters.

## CONCLUSION

For all of these reasons and others, the government's motion for upward variance should be denied. Finkbeiner reiterates his request for a downward variance and for all other relief requested in his previous filings.

DEREK SCOTT FINKBEINER

JEFF ROSENZWEIG
Ark. Bar No. 77115
300 Spring St. Suite 310
Little Rock, AR 72201
(501) 372-5247
jrosenzweig@att.net

WILLIAM O. JAMES JR.
Ark. Bar No. 94108
1001 LaHarpe Blvd.
Little Rock, Arkansas 72201
(501) 375-0900
bill@jamesfirm.com

*Attorneys for Defendant*